# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHONY S. DEVRIES,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO. 2:16-CV-365-RL-JEM |
| KT-GRANT, INC.,<br>　　　　Defendant. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant, KT-Grant, Inc.'s Motion to Compel Plaintiff's Written Discovery Responses [DE 12], filed by Defendant on April 26, 2017. Defendant requests an order from the Court compelling Plaintiff to respond to Defendant's Interrogatories and Requests for Production.

Defendant served its Interrogatories and Requests for Production on June 22, 2016, while this action remained pending in state court. After removal, the parties conferred as required by Rule 26(f) on December 22, 2016. Plaintiff did not respond to the interrogatories or requests until May 1, 2017, after Defendant filed its Motion to Compel. While the compel request is now moot, Defendant argues that it is entitled to fees, since Plaintiff turned over the discovery responses after the Motion to Compel was filed. Plaintiff argues that Defendant is not entitled to fees because Defendant's counsel did not sufficiently communicate about the discovery dispute before filing the Motion to Compel.

If discovery is provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the moiton, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not

order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i), (ii).

Defendant's counsel emailed Plaintiff's counsel on April 10, 2017, asking for the at-issue responses by no later than April 19, 2017. At the time Defendant's counsel filed the Motion to Compel on April 26, Plaintiff had not responded to the email. Plaintiff's counsel represents that on April 24, 2017, he and Defendant's counsel participated in a telephone conference in an unrelated case, but that Plaintiff's counsel did not mention the missing discovery in this case.

Based on these facts, an award of fees is inappropriate. Parties must "in good faith" confer or attempt to confer under both Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1 before filing a motion to compel. While Defendant's counsel did email Plaintiff's counsel once on April 10, she concedes that she made no other efforts to discuss the issue with Plaintiff's counsel, despite the fact that she had him on the phone two days before filing the Motion to Compel.

The good faith requirement is intended to have parties work out their discovery disputes on their own, to actually attempt to get requested discovery. *See Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) ("The good faith language [in Rule 37] encompasses, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute . . . and faithfulness to one's obligation to secure information without court action.") (internal citations and quotation marks omitted). Had Defendant's counsel simply asked Plaintiff's counsel for the discovery on the phone on April 24, it appears that Plaintiff's counsel would have turned it over, thereby removing the need for Court intervention.

Accordingly, the Court **DENIES as moot** Defendant, KT-Grant, Inc.'s Motion to Compel Plaintiff's Written Discovery Responses [DE 12] and **DENIES** Defendant's request for fees under Rule 37(a)(5)(A).

SO ORDERED this 10th day of May, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record